UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>MICHELLE R. RICCI, et al.,<br><br>Defendants. | Civil Action No. 09-1168 (KSH)<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is a Motion to Deem Appeal Filed Timely ("Motion") by Petitioner Maurice Anderson ("Anderson"), requesting to file an appeal out of time. (ECF No. 37.) It appearing that:

1. On November 24, 2014, the Court entered an order denying Anderson's petition for writ of habeas corpus. (ECF No. 34.)

2. On January 26, 2015, Anderson filed a Notice of Appeal with the Third Circuit, along with the instant Motion. (*See* ECF No. 35-2.)

3. The Third Circuit forwarded both the Notice of Appeal and the Motion back to this Court for filing and consideration. (ECF No. 35.)

4. Under Fed. R. App. P. 4(a)(1)(A), Anderson was required to file a Notice of Appeal 30 days after entry of judgment, which would have been on December 24, 2014. *See* Rule 10 of the Rules Governing Section 2254 Cases ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules").

5. Under Fed. R. App. P. 4(a)(5)(A), the Court may extend the time to file a notice of appeal if a party moves to do so no later than 30 days after the deadline to file a Notice of Appeal, and shows excusable neglect or good cause. That deadline expired on January 23, 2015.

6. Under Fed. R. App. P. 4(a)(6), the Court may reopen the time to file an appeal, but only if the Court finds that (1) the moving party did not receive notice of the entry of the judgment under Fed. R. Civ. P. 77(d) within 21 days after entry, and (2) a motion is filed within 180 days after the entry of judgment or within 14 days after the moving party receives notice of the entry of judgment, whichever is earlier.

7. In the Motion, Anderson asserts that he received the Court's order denying his petition on November 28, 2014, a mere four days after the entry of order. (ECF No. 37-1 at 1.) However, Anderson alleges that he was in administrative segregation, and therefore could not file a timely appeal. Nevertheless, under Fed. R. App. P. 4(a)(5)(A), because the Motion was filed after the deadline to extend time, the Court has no authority to grant the Motion under that provision. Furthermore, because Anderson received the order denying his petition only four days after the entry of order, Fed. R. App. 4(a)(6) does not apply, so the Court has no authority to grant the Motion under that provision as well.[1]

**IT IS** therefore on this 29th day of July, 2015,

**ORDERED** that Petitioner's Motion to Deem Appeal Filed Timely, (ECF No. 37), is hereby **DENIED**; and it is further

---

[1] The Court notes that a case has been opened in the Third Circuit, Case No. 15-1440, as a result of Anderson's Notice of Appeal. (ECF No. 38.) As such, Third Circuit may weigh in on Anderson's Notice of Appeal at a later date. However, this Court does not have authority to grant an extension under the facts of this case.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.
